UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TREASA M. TURNBEAUGH, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CASE NO. 1:22-CV-887-RLM-TAB |
| | ) | |
| BOARD OF CERTIFIED SAFETY | ) | |
| PROFESSIONALS, et al., | ) | |
| | ) | |
| *Defendants* | ) | |

OPINION AND ORDER

Treasa Turnbeaugh has sued the Board of Certified Safety Professionals, thirteen individual members of the Board's board of directors,[1] and three of the Board's employees.[2] Dr. Turnbeaugh brings claims against the Board for not paying a bonus in violation of Illinois law and for invasion of privacy (false light), among others. The Board moves to dismiss both claims for failure to state a claim upon which relief can be granted. Dr. Turnbeaugh brings claims against the individual board members for breach of fiduciary duty and invasion of privacy (false light). They move to dismiss for lack of personal jurisdiction and for failure

---

[1] The directors sued are Teresa A. Cole, Joaquin M. Diaz, V. Raymond Ferrara, Ashok Garlapati, Jay R. Harf, Bruce K. Lyon, Daniel T. Lyons, Regina McMichael, Michael H. Overhold, C. Christopher Patton, Donald A. Robinson, Leslie D. Stockel, and Mario A. Varela.

[2] The employees sued are Christy Uden, Christine T. McConnell, and Kelli Minjarez.

to state a claim upon which relief can be granted. Dr. Turnbeaugh brings a claim against the three employed defendants for invasion of privacy (false light), among other claims. They move to dismiss for failure to state a relief upon which relief can be granted.

For reasons explained in this opinion and order, the court denies the individual directors' motion to dismiss for lack of personal jurisdiction but grants their motion to dismiss for failure to state a claim and dismisses them as plaintiffs; denies the Board's motion to dismiss; and grants the three employed defendant's motion to dismiss as to Ms. Minjarez but denies the motion as to Ms. Uden and Ms. McConnell.

BACKGROUND

This case arises from the Board's decision to fire Treasa Turnbeaugh as Chief Executive Officer. The court accepts Dr. Turnbeaugh's well-pleaded facts as true and views them in the light most favorable to her. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010).

The Board hired Dr. Turnbeaugh as Director of Certification and Program Development in 2011. The directors promoted Dr. Turnbeaugh to chief executive officer less than two years later. She led the Board through years of growth and met goals that the board of directors set for her.

Several years into her tenure as CEO, Dr. Turnbeaugh fired a Board employee at the direction of the directors. The former employee then accused Dr. Turnbeaugh of creating a hostile work environment. An Indianapolis lawyer sent

a letter accusing Dr. Turnbeaugh of creating a hostile work environment to the Board.[3]

The Board launched an investigation into the accusations against Dr. Turnbeaugh. It hired an attorney to investigate the hostile work environment accusations. The investigation centered around Dr. Turnbeaugh's mental health and the directors were eventually told that Dr. Turnbeaugh had bipolar disorder. The Board asked people at the company if they knew that Dr. Turnbeaugh had bipolar disorder.

The investigation culminated with Dr. Turnbeaugh's termination in July 2022. The Board told Dr. Turnbeaugh she was fired without cause and that if she didn't accept a specific settlement offer, it would change her termination to a for-cause termination. Dr. Turnbeaugh and the Board had most recently come to an employment contract in 2019, which provided Dr. Turnbeaugh with severance and promised a bonus if she met certain goals each year. Dr. Turnbeaugh completed twenty of twenty-one goals in 2020. The COVID-19 pandemic made the final goal impossible. The Board nonetheless didn't pay her the bonus. The Board's bylaws also required that if the board of directors sought to remove the CEO, it would "give the CEO reasonable opportunity to address the board of directors with full knowledge of the issue for removal." Instead, Dr. Turnbeaugh learned of her firing from a press release and was never able to address the board of directors.

---

[3]   The complaint suggests somewhat cryptically but doesn't clearly say that this attorney represented the fired employee.

Dr. Turnbeaugh's troubles didn't end with her firing. Kelli Minjarez, Christine McConnell, and Christy Uden, who all worked for the Board of Certified Safety Professionals, tampered with Dr. Turnbeaugh's social media, including LinkedIn and Facebook. They tampered with other accounts, too, like Dr. Turnbeaugh's Dropbox, email, and Microsoft accounts. Some employees posted and shared images on LinkedIn, implying that Dr. Turnbeaugh was a poor leader and didn't care about the employees she once led.

Dr. Turnbeaugh filed a charge with the Equal Employment Opportunity Commission, alleging discrimination because of a disability (bipolar disorder) in violation of the Americans with Disabilities Act, among other claims. The EEOC issued a right-to-sue letter and Dr. Turnbeaugh sued the Board, each of the individual directors, and Christy Uden, Christine McConnell, and Kelli Minjarez.

STANDARD OF REVIEW

A party may move to dismiss an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When a district court doesn't hold an evidentiary hearing on personal jurisdiction, it assumes the plaintiff's well-pleaded facts as true and construes them in the light most favorable to the plaintiff. Bilek v. Fed. Ins. Co., 8 F.4th 581, 584 (7th Cir. 2021). If a defendant doesn't submit evidence supporting a motion to dismiss for lack of personal jurisdiction, a plaintiff only needs to establish a prima facie case of personal jurisdiction based on the pleadings. Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 779 (7th Cir. 2003).

A court considering a Rule 12(b)(6) motion to dismiss assumes the plaintiff's well-pleaded facts as true, views the allegations in the light most favorable to the plaintiff, and draws all inferences in the plaintiff's favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). The modern standard under Rule 8(a) requires that a plaintiff state a plausible claim for relief. Levan Galleries LLC v. City of Chi., 790 F. App'x 834, 835 (7th Cir. 2020). A complaint must have "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and must have enough factual matter to state a claim that plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## Discussion

The individual directors move to dismiss for lack of personal jurisdiction, Fed. R. Civ. P. 12(b)(2), and move to dismiss the only claims against them — breach of fiduciary duty and invasion of privacy (false light) — for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Board moves to dismiss the claim for an unpaid bonus under the Illinois Wage Payment and Collection Act and invasion of privacy (false light) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The three employees also move to dismiss the false light claim under Rule 12(b)(6).

*The Individual Directors' Motion to Dismiss*

The individual directors (Teresa A. Cole, Joaquin M. Diaz, V. Raymond Ferrara, Ashok Garlapati, Jay R. Harf, Bruce K. Lyon, Daniel T. Lyons, Regina McMichael, Michael H. Overhold, C. Christopher Patton, Donald A. Robinson, Leslie D. Stockel, and Mario A. Varela) move to dismiss all claims against them. Each defendant was on the board of directors for the Board when it fired Dr. Turnbeaugh. The complaint and the parties' briefing on the motion to dismiss mostly refer to the individual directors collectively, with partial exception for two board members who make an additional argument as to personal jurisdiction based on their being citizens of foreign countries.[4] The court follows suit, referring to the individual directors collectively, except when addressing the foreign defendants' individualized argument.

Courts should adjudicate threshold jurisdictional questions before reaching the merits, *see* <u>Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.</u>, 549 U.S. 422, 430–430 (2007), so the court first addresses the board members' Rule 12(b)(2) motion.

<u>Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction</u>

The directors move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Eleven of the directors are residents and citizens of states other than

---

[4]     Mr. Garlapati is a resident and citizen of Kuwait. Mr. Lyons is a resident and citizen of Canada. The remaining board members are citizens of states other than Indiana (where the events took place) and Missouri (where Dr. Turnbeaugh is a citizen).

Indiana[5] and the remaining two directors are residents and citizens of foreign countries. The directors argue that none are at home in Indiana, so the court has no general jurisdiction over them, and their contacts with Indiana are relatively insignificant, so the court has no specific jurisdiction over them. Mr. Garlapati and Mr. Lyons separately argue that exercising personal jurisdiction over them doesn't comport with due process because they're citizens of foreign countries.

Dr. Turnbeaugh's claims against the directors come under the court's diversity jurisdiction. 28 U.S.C. § 1332. A federal court sitting in diversity can exercise jurisdiction over a defendant if a court of the state in which the federal court sits could exercise jurisdiction. Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 779 (7th Cir. 2003); Fed. R. Civ. P. 4(k)(1)(A). A state court's jurisdiction depends on state law and must comport with the Fourteenth Amendment's Due Process Clause. Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002). Indiana's long-arm statute allows Indiana courts to exercise jurisdiction over an out-of-state defendant "on any basis not inconsistent with the Constitutions of [Indiana] or the United States," Ind. R. Trial P. 4.4(A); the analysis reduces to "the issue of whether the exercise of personal jurisdiction is consistent with the Federal Due Process Clause." LinkAmerica Corp. v. Cox, 857 N.E.2d 961, 967 (Ind. 2006).

---

[5]     Ms. Cole is a resident and citizen of Pennsylvania; Mr. Diaz of Oregon; Mr. Ferrara of Florida; Mr. Harf of Pennsylvania; Mr. Lyon of Kansas; Ms. McMichael of Georgia; Mr. Overholt of Texas; Mr. Patton of Tennessee; Mr. Robinson of Massachusetts; Ms. Stockel of Oklahoma; and Mr. Varela of Ohio.

Personal jurisdiction can be general or specific. <u>Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.</u>, 141 S. Ct. 1017, 1024 (2021). A court has general jurisdiction over a defendant if the defendant is "essentially at home" in the forum state. <u>Id.</u> (citing <u>Goodyear Dunlop Tires Operations, S. A. v. Brown</u>, 564 U.S. 915, 919 (2011)). For a natural person, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." <u>Goodyear Dunlop Tires Operations, S. A. v. Brown</u>, 564 U.S. at 924. General jurisdiction permits a court to adjudicate any and all claims against a defendant. <u>Id.</u> Specific jurisdiction, on the other hand, is more limited. A court only has specific jurisdiction over a defendant who has "purposely avail[ed] itself of the privileges of conducting activities within the forum States." <u>Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.</u>, 141 S. Ct. at 1025 (citing <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958)). In other words, the defendant must have deliberately directed its actions at the forum state and not contacted the forum state by chance. <u>Id.</u> (citing <u>Keeton v. Hustler Mag., Inc.</u>, 465 U.S. 770, 774 (1984)). Unlike general personal jurisdiction, specific personal jurisdiction only extends to claims that arise from the defendant's contacts with the forum state, not with any and all claims. <u>Id.</u> The standards for establishing specific personal jurisdiction condense to three requirements: (1) the defendant purposefully availed itself of the privilege of conducting business in the forum state or directed its activity at the forum state; (2) the injury arose from the defendant's forum-related contacts; and (3) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. <u>Felland v. Clinton</u>, 682 F.3d 665, 673 (7th Cir. 2012) (citing

Burger King v. Rudzewicz, 471 U.S. 462, 472 (1985); Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

The directors first argue that the court has no general personal jurisdiction over them because none of the directors are at home in Indiana. Dr. Turnbeaugh doesn't contest that the board members are at home in states other than Indiana (or abroad) but argues that their contacts with Indiana were sufficiently continuous and systematic to confer general jurisdiction. Systematic and continuous contacts with Indiana aren't enough for general personal jurisdiction over natural persons when it's undisputed that they were domiciled elsewhere — their domiciles determine general personal jurisdiction. Goodyear Dunlop Tires Operations, S. A. v. Brown, 564 U.S. at 924. Dr. Turnbeaugh hasn't alleged that the directors were at home in Indiana, so they're not subject to the general personal jurisdiction of an Indiana court or of this federal court sitting in Indiana.

The directors then argue that the court has no specific personal jurisdiction over them. They contend that Dr. Turnbeaugh's complaint alleges the directors' membership on the board, but no activity in Indiana — no travel to or in Indiana, no work activity in Indiana, and the like. They emphasize that a defendant's contacts with a forum state must be based on the defendant's own conduct, so Dr. Turnbeaugh's conduct can't confer personal jurisdiction over the board members. Relatedly, a corporation's connections to a forum state don't automatically create jurisdiction over board members, Keeton v. Hustler Mag.,

Inc., 465 U.S. 770, 781 n.13 (1984), so the directors contend the Board being located in Indiana doesn't give rise to jurisdiction.

Dr. Turnbeaugh responds by alleging additional facts. She alleges that the directors sought out membership on the board of an entity located in Indiana, they travelled to Indiana once every year for a board meeting, and they terminated Dr. Turnbeaugh in Indiana. She stresses that a plaintiff can use a response in opposition to a motion to dismiss to amend the complaint and defeat the motion. Brown v. Cho, No. 1:15-cv-0224-TWP-DML, 2015 U.S. Dist. LEXIS 157058, at *4–5 (S.D. Ind. Nov. 20, 2015) (citing Help At Home, Inc. v. Med. Cap., L.L.C., 260 F.3d 748, 752–753 (7th Cir. 2001)).

The directors' biggest quibble with Mr. Turnbeaugh's new allegations isn't their substance so much as their newness. They argue that a plaintiff can't defeat a motion to dismiss by alleging new facts in response to a motion to dismiss. *See* United Leasing, Inc. v. Balboa Cap. Corp., No. 3:17-cv-00023, 2017 U.S. Dist. LEXIS 136472, at *9 (S.D. Ind. Aug. 25, 2017) (citing Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co., 631 F.3d 436, 448 (7th Cir. 2011)). The directors acknowledge that a plaintiff can include new facts in a response in opposition to a motion to dismiss, so long as the new facts are consistent with the complaint's allegations. Smith v. Dart, 803 F.3d 304, 311 (7th Cir. 2015). But, they argue, Dr. Turnbeaugh's new allegations aren't merely more specific; they neither appear in the complaint, nor clarify allegations in the complaint, nor relate to allegations in the complaint, so they are inconsistent with the complaint and "constitute a complete re-write of her claims" [Doc. 68 at 5].

10

Dr. Turnbeaugh's additional factual allegations are consistent with her complaint, so she's allowed to use them to defeat a motion to dismiss. To begin with, a complaint need not allege facts establishing personal jurisdiction. <u>Purdue Research Found. v. Sanofi-Synthelabo, S.A.</u>, 338 F.3d 773, 781–782 (7th Cir. 2003). Once a defendant raises lack of personal jurisdiction as a defense, a plaintiff must establish a prima facie case of jurisdiction based on the papers, or if the court holds an evidentiary hearing, by a preponderance of the evidence. <u>Id.</u> Where, as here, the defendant asserting lack of personal jurisdiction as a defense doesn't offer evidence, the court can rely on the papers and the plaintiff can add allegations to defeat the defense. <u>Id.</u> The plaintiff is afforded the additional benefit of resolving disputes in favor of the plaintiff. <u>Id.</u> ("In evaluating whether the prima facie standard has been satisfied, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record.").

More importantly, the new allegations aren't inconsistent with the complaint. Dr. Turnbeaugh alleges that the board members conducted business in Indiana and travelled to Indiana. None of those allegations contradict anything in the complaint. The court accepts for purposes of the motion to dismiss Dr. Turnbeaugh's allegations that the individual board members applied to be on the board of directors located in Indiana, traveled to Indiana at least one per year, traveled to Indiana to attend the in-person board meeting, and were involved in the day-to-day operations of the Board located in Indiana.

The directors argue that even if the court considers these allegations, there's no personal jurisdiction because the directors directed their activity at

the Board instead of at the forum state. They contend the allegations are really about the corporation, and so don't confer jurisdiction over officers and employees of the corporation. Keeton v. Hustler Mag., Inc., 465 U.S. 770, 781 n.13 (1984).

The directors directed their actions toward Indiana with these contacts in a way that was more than incidental or fortuitous. Although jurisdiction over a corporation doesn't extend to all officers and employees, Dr. Turnbeaugh alleges actions by the directors that relate to the Board, not actions of the Board. It wouldn't be enough if Dr. Turnbeaugh only alleged director activity outside of Indiana as employees; it is enough to allege that the directors travelled to Indiana multiple times for Board work and fired Dr. Turnbeaugh in Indiana. Dr. Turnbeaugh has created an unrebutted prima facie case of personal jurisdiction over the individual directors. *See* Felland v. Clinton, 682 F.3d 665, 673 (7th Cir. 2012).

Mr. Garlapati and Mr. Lyons argue that personal jurisdiction over them would conflict with traditional notions of fair play and substantial justice because they're not United States citizens. They urge that the burden of litigating in Indiana as citizens of Kuwait and Canada is great and isn't justified given that they're not alleged to have any contacts with Indiana other than serving on the board of directors. They further argue that Indiana would have little interest in adjudicating the claims against them, that jurisdiction over them would deter foreigners from serving on boards of directors, and that Dr. Turnbeaugh could seek redress in other fora.

Dr. Turnbeaugh's more specific jurisdictional allegations diminish these arguments. The new allegations establish that Mr. Garlapati and Mr. Lyons had extensive contacts with Indiana, deliberately directed at Indiana, and relating to Dr. Turnbeaugh's claims. Their arguments don't pass muster in light of those allegations.

For the reasons stated, the court denies the board members' Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.

<u>Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim</u>

Each of the directors moves to dismiss Dr. Turnbeaugh's claim of breach of fiduciary duty and false light. Fed. R. Civ. P. 12(b)(6).

*Breach of Fiduciary Duty (Count IV)*

Dr. Turnbeaugh alleges that the board members breached a fiduciary duty in the way that they fired her. The Board's bylaws require that if the directors seek to remove the CEO, the directors "will give the CEO reasonable opportunity to address the Board of Directors with full knowledge of the issue for removal." Dr. Turnbeaugh alleges the directors didn't give her notice of the issue for removal and she instead discovered that she was fired by reading a press release. Nor did the directors give her the opportunity to address them. The directors' failure to give notice and a chance to be heard, she alleges, amounts to a breach of fiduciary duty.

13

A plaintiff proves breach of fiduciary duty by showing: (1) the existence of a fiduciary duty; (2) breach of the duty owed by the fiduciary to the beneficiary; and (3) harm to the beneficiary. Farmers Elevator Co. of Oakville v. Hamilton, 926 N.E.2d 68, 79 (Ind. Ct. App. 2010). Officers and directors of a company owe a fiduciary duty "to the corporation as well as corporate stockholders." Biberstine v. N.Y. Blower Co., 625 N.E.2d 1308, 1318 (Ind. Ct. App. 1993).

The directors move to dismiss, arguing that they owed no fiduciary duty to Dr. Turnbeaugh and that even if they did, Dr. Turnbeaugh alleges no breach. First, the directors argue they owed Dr. Turnbeaugh no fiduciary duty because her allegations deal with her individual rights as an employee, and an employment relationship doesn't give rise to a fiduciary duty. Gross v. Univ. of Chi., 302 N.E.2d 444, 453 (Ill. 1973) (no fiduciary duty of employer to employee under Illinois law). Then they argue that even if they owed her a fiduciary duty, none of their alleged actions were to the detriment of the Board or its stockholders, so there's no breach alleged.

Dr. Turnbeaugh disputes both arguments. As the Board CEO, Dr. Turnbeaugh was also deemed the Secretary by the bylaws, and the Secretary is an officer of the corporation. She insists that her role as Secretary imposed a fiduciary duty on the board members because Indiana law imposes a fiduciary duty on officers, directors, and shareholders to "deal fairly, honestly, and openly." Cressy v. Shannon Cont'l Corp., 378 N.E.2d 941, 945 (Ind. Ct. App. 1978). She contends that this duty imposed an obligation to provide the reason for her removal and an opportunity to address the directors in compliance with

14

the bylaws. She then argues that aside from the bylaws, the directors breached their fiduciary duty by firing her because she was fired illegally, which is detrimental to the corporation generally. She specifically argues that not allowing her to address the directors in accordance with the bylaws "affected the general well-being of the corporation and did not serve the best interest of [the Board of Certified Safety Professionals] as it was a continued perpetuation of an illegal termination." [Doc. 65 at 14]. Her claim of illegal termination refers to violation of the bylaws and her other claims, like ADA disability discrimination.

Dr. Turnbeaugh's role as a corporate officer didn't impose a fiduciary duty on the directors because it is a person's ownership of corporate shares that imposes the duty, not their mere role as an officer. The court in Cressy v. Shannon Continental Corp. held that shareholders of closely held corporations owe each other a fiduciary duty "*independent* of possible status as officers or directors." 378 N.E.2d 941, 945 (Ind. Ct. App. 1978) (emphasis added). Corporate officers owe a fiduciary duty to their fellow officers if their fellow officers are fellow shareholders by virtue of their being shareholders. G & N Aircraft, Inc. v. Boehm, 743 N.E.2d 227, 240 (Ind. 2001) (citing Hartung v. Architects Hartung/Odle/Burke, Inc., 301 N.E.2d 240, 243 (1973)). The fiduciary duty doesn't extend to all officers; it extends to officers who are also shareholders. Dr. Turnbeaugh's role as CEO and secretary didn't create a fiduciary relationship between her and the directors and she doesn't otherwise allege that she was owed a fiduciary duty as a shareholder, so her claim for breach of fiduciary duty can't depend on her role as CEO and secretary.

15

Dr. Turnbeaugh's second argument doesn't salvage her claim. She asserts that the board members' actions violated the bylaws and were otherwise unlawful, so they harmed the Board generally and breached the fiduciary duty. If proven true, her allegations might prove that the board members breached a fiduciary duty, but that duty wouldn't be to her. As just explained, the duty is owed to shareholders, and she doesn't claim to have been a shareholder. To the extent she wishes to bring an action against the directors for damage to the corporation, her claim must come as a derivative action. <u>Barth v. Barth</u>, 659 N.E.2d 559, 561 (Ind. 1995). She didn't bring a derivative action and it's unclear she could because she doesn't allege that she was ever a shareholder.

Assuming Mr. Turnbeaugh's allegations as true, the directors didn't owe Dr. Turnbeaugh a fiduciary duty and their actions wouldn't have breached any fiduciary duty. Dr. Turnbeaugh's complaint doesn't state a claim for breach of fiduciary, so the court dismisses Dr. Turnbeaugh's claim for breach of fiduciary duty (Count IV) as against the individual board member defendants.[6]

### *Invasion of Privacy (False Light) (Count VII)*

The directors move to dismiss Dr. Turnbeaugh's false light claim for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Dr. Turnbeaugh alleges that the directors committed the tort of false light. Dr. Turnbeaugh's complaint alleges that "Defendants gave publicity to matters

---

[6]    Dr. Turnbeaugh also sued the Board for breach of fiduciary duty, but the Board didn't move to dismiss this claim.

concerning [her] that placed her before the public eye," that the publicity put her "in a false light which would be highly offensive to a reasonable person" and that the defendants knew the matter was false and would place her in a false light or acted with reckless disregard as to both.

A defendant is liable for the tort of false light, a "strand" of the tort of invasion of privacy, if: (1) he gave publicity to a matter concerning the plaintiff that put the plaintiff in a false light that would be highly offense to a reasonable person; and (2) the defendant had knowledge of or acted in false regard as to the falsity of the matter and the false light in which it would place the plaintiff. Newman v. Jewish Cmty. Ctr. Ass'n of Indianapolis, Inc., 875 N.E.2d 729, 743 (Ind. Ct. App. 2007).

The directors argue that Dr. Turnbeaugh hasn't stated a claim for false light because she doesn't allege that any of the directors made any statement about Dr. Turnbeaugh, and they can't be liable for statements they didn't make. Dr. Turnbeaugh doesn't allege that the directors shared information about her bipolar disorder, but the directors argue that even if that's what she means, the claim still fails because she did have bipolar disorder so any publicity wouldn't have been false. See Id. (citing Branham v. Celadon Trucking Srvs. Inc., 744 N.E.2d 514, 525 (Ind. Ct. App. 2001). Likewise, they argue that if her false light claim is premised on the press release announcing that she had been replaced as CEO, that claim fails because it's true that she was replaced as CEO.

Dr. Turnbeaugh doesn't substantively respond to the directors' arguments and instead argues that they seek to hold her to a heightened pleading standard.

Dr. Turnbeaugh acknowledges that a complaint must plead enough factual allegations to raise a right to relief above speculation. [Doc. 65 at 8] (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007)). She then insists that the board members "fail in their burden of showing that Dr. Turnbeaugh cannot prove any facts to support her claim of false light invasion of privacy." [Doc. 65 at 15]. Earlier in her brief in opposition to the board members' motion to dismiss, Dr. Turnbeaugh more explicitly argues that Rule 12(b)(6) requires that a defendant moving to dismiss must show that no relief may be granted under any set of facts that could be proved consistent with the allegations. [Doc. 65 at 8]. It is enough, Dr. Turnbeaugh insists, that the complaint give the defendants notice of the claim and the grounds on which the claim rests.

Dr. Turnbeaugh's "any set of facts" standard, while accurate as far as it goes, isn't all there is to today's standard under Rule 12(b)(6) and Rule 8(a). Levan Galleries LLC v. City of Chi., 790 F. App'x 834, 835 (7th Cir. 2020) ("[Plaintiff] states that the standard for dismissal for failure to state a claim is Conley v. Gibson's 'no set of facts' test. 355 U.S. 41, 45–46 [] (1957). But the modern standard is, of course, plausibility. Ashcroft v. Iqbal, 556 U.S. 662, 678 [] (2009)"). Dr. Turnbeaugh's complaint survives a motion to dismiss for failure to state a claim if its well-pleaded factual allegations allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Dr. Turnbeaugh's false light claim against the directors doesn't clear this bar. The complaint doesn't allege that any of the individual directors gave

18

publicity to a matter placing Dr. Turnbeaugh in a false light. She alleges that other employees made derogatory social media posts but doesn't connect those in any way to the individual directors. She also alleges in opposition to the Board's motion to dismiss and the employed defendants' motion to dismiss, discussed in greater detail later, that the Board and the employees gave false light to her bipolar disorder. She alleges that the directors were told that information but doesn't allege that they had any hand in spreading that information. The claim as to the individual directors amounts to a recitation of the elements of false light, which isn't enough to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bissessur v. Ind. Bd. or Trs., 581 F.3d 599, 603 (7th Cir. 2009) ("A plaintiff may not escape dismissal on a contract claim, for example, by stating that he had a contract with the defendant, gave the defendant consideration, and the defendant breached the contract. What was the contract? The promises made? The consideration? The nature of the breach?"). For these reasons, the court grants the motion to dismiss Dr. Turnbeaugh's claim of false light (Count VII) as against the individual directors.

Without the claim for breach of fiduciary duty or the claim for false light, no claims remain against the individual directors, so the court dismisses each of the directors as defendants.

### The Board of Certified Safety Professionals's Motion to Dismiss

The Board moves to dismiss Dr. Turnbeaugh's claim for an unpaid bonus under the Illinois Wage Payment and Collection Act claim (Count III) and Dr.

Turnbeaugh's claim of false light (Count VII). Fed. R. Civ. P. 12(b)(6).

### Illinois Wage Payment and Collection Act (Count III)

Dr. Turnbeaugh brings her claim under the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115 *et seq.*, to recover the bonus she claims to have earned in 2020 and to collect damages for delayed payment. She argues that Illinois law applies because her employment contract with the Board included a choice-of-law provision selecting Illinois law and because applying Illinois law accords with how Illinois courts enforce choice-of-law provisions. Illinois courts enforce choice-of-law contract provisions if there is "some reasonable relationship between the chosen forum and the parties or transaction" and "it is not dangerous, inconvenient, immoral, nor contrary to the public policy of [Illinois's] local government." Hussein v. L.A. Fitness Int'l, L.L.C., 987 N.E.2d 460, 464 (Ill. App. Ct. 2013) (citation and quotations omitted).

The Board argues that despite the choice-of-law provision, the Illinois Wage Payment and Collection Act doesn't apply to Dr. Turnbeaugh because she and the Board didn't operate in Illinois. The Illinois Wage Payment and Collection Act specifies that it "applies to all employers and employees in the state . . . ." 820 Ill. Comp. Stat. 115/1. This language means that the Act is limited to employees who do work in Illinois for Illinois employers. Adams v. Catrambone, 359 F.3d 858, 863 (7th Cir. 2004); Vendetti v. Compass Env't, Inc., No. 06 CV 3556, 2006 U.S. Dist. LEXIS 90404, at *4 (N.D. Ill. Dec. 14, 2006).

The Board is correct in asserting that the Illinois Wage Payment and Collection is limited in geographic scope to employees who do work in Illinois for Illinois employers. Glass v. Kemper Corp., 133 F.3d 999, 1000–1001 (7th Cir. 1998). A state statute's territorial limitations apply, even when a choice-of-law provision designates that state's law as controlling. Cromeens, Holloman, Siber, Inc. v. AB Volvo, 349 F.3d 376, 385–386 (7th Cir. 2003); Wooley v. Bridgeview Bank Mortg. Co., LLC, No. 14 C 5757, 2015 U.S. Dist. LEXIS 7663, at *6–7 (N.D. Ill. Jan. 23, 2015) ("[T]his choice of law provision is ultimately irrelevant to the Court's analysis of whether the [state law] applies extraterritorially."). Our court of appeals has interpreted the Illinois Wage Payment and Collection Act as limiting itself in geographic scope to employees who do work in Illinois for Illinois employers, and a choice-of-law provision can't extend that geographic scope, even with the full consent of the contracting parties and regardless of how a state enforces choice-of-law provisions.[7]

Dr. Turnbeaugh argues that if the Illinois Wage Payment and Collection Act doesn't apply, the court should refrain from dismissing the claim because the facts alleged support a claim under the Indiana Wage Claim Statute, Ind. Code § 22-2-9. She argues that the Indiana Wage Claim Statute protects wages

---

[7]      Indiana law, not Illinois law, would determine the enforceability of the choice-of-law provision because this court sits in Indiana, regardless of whether state claims arise from the court's diversity jurisdiction or supplemental jurisdiction. McCoy v. Iberdrola Renewables, Inc., 760 F.3d 674, 684–685 (7th Cir. 2014). Nevertheless, the court need not address Indiana or Illinois choice-of-law principles because the Illinois Wage Payment and Collection Act is geographically limited.

in the form of a bonus, like the bonus she alleges she was wrongfully refused. The Board resists this suggestion, arguing that amending Dr. Turnbeaugh's Illinois Wage Payment and Collection Act claim to be one arising under Indiana law is prejudicial at this stage of litigation and that she must amend her complaint if she wishes to bring an Indiana claim.

At bottom, Dr. Turnbeaugh's claim styled as Count III, is a claim for payment of a past-due bonus plus damages or fees as permitted under law. Dr. Turnbeaugh isn't entitled to relief under Illinois law, for reasons just explained, but her citation to Illinois law isn't fatal to her claim. At the pleading stage, a plaintiff need not identify legal theories. Chapman v. Yellow Cab Coop., 875 F.3d 846, 848 (7th Cir. 2017); Rabe v. United Air Lines, Inc., 636 F.3d 866, 872 (7th Cir. 2011). Citing the wrong legal theory or not citing any legal theory or authority doesn't defeat a plaintiff's claim. King v. Kramer, 763 F.3d 635, 642 (7th Cir. 2014). A complaint must "narrate a plausible grievance," and not "set out a legal theory or cite authority." Frank v. Walker, 819 F.3d 384, 387 (2016). Dr. Turnbeaugh has narrated a plausible grievance — she was wrongly denied a bonus that she earned and wants that bonus plus damages and fees. Her allegations support a plausible claim for relief and her decision to identify Illinois law, which turns out not to apply, isn't reason to dismiss her claim for payment of her bonus plus damages and fees.

None of this is to say that Dr. Turnbeaugh won't ever have to identify a legal theory or authority; the court has discretion to narrow the operative legal questions through pretrial case management. King v. Kramer, 763 F.3d at 642.

22

But at this stage, she's stated a plausible claim for relief, so the court denies the Board of Certified Safety Professionals' motion to dismiss her claim for an unpaid bonus, designated as Count III of the complaint. [8]

### Invasion of Privacy (False Light) (Count VII)

The Board moves to dismiss Dr. Turnbeaugh's false light claim. The Board first argues that Dr. Turnbeaugh's complaint is so vague as to which communications put her in a false light that the Board is left speculating what facts form the basis of the claim. The Board then focuses on the communications included in the complaint: communications that Dr. Turnbeaugh had bipolar disorder were true, as was the press release that she was replaced as CEO. That also leaves the social media posts, which the Board asserts aren't actionable because they're platitudes or opinion, don't describe Dr. Turnbeaugh, wouldn't put Dr. Turnbeaugh in light highly offensive to a reasonable person, and aren't connected to the Board or any of its agents.

Dr. Turnbeaugh argues that these allegations are enough under notice pleading and adds greater specificity to her allegations. Her complaint alleges that the Board asked employees if they knew that Dr. Turnbeaugh had bipolar

---

[8]    Plaintiffs aren't even required to list claim as separate counts, even if it might help organize a complaint. Bartholet v. Reishauer A.G., 953 F.2d 1073, 1077–1078 (7th Cir. 1992) ("Although it is common to draft complaints with multiple counts, each of which specifies a single statute or legal rule, nothing in the Rules of Civil Procedure requires this. To the contrary, the rules discourage it. Complaints should be short and simple, giving the adversary notice while leaving the rest to further documents.").

disorder during its investigation and that the Board told the directors that Dr. Turnbeaugh had bipolar disorder. [Doc. 1 at paras. 53, 54]. In her response to the Board's motion to dismiss, she adds that the Board made these statements with the suggestion that Dr. Turnbeaugh's bipolar disorder was untreated and out of control. She says that she was under the care of a doctor and her bipolar disorder was well-managed. As explained with respect to the directors' motion to dismiss, Dr. Turnbeaugh is allowed to add allegations in her response if they are consistent with the allegations in her complaint. Knox v. Curtis, 771 F. App'x 656, 658 n.2 (7th Cir. 2019); Help at Home, Inc. v. Med. Cap. L.L.C., 260 F.3d 748, 752–753 (7th Cir. 2001). These new allegations add detail to her complaint's allegations and don't contradict anything in the complaint, so Dr. Turnbeaugh can use them to defeat the motion to dismiss.

Dr. Turnbeaugh's allegations against the Board state a plausible claim for false light. False light is a claim that the defendant gave publicity to a matter unreasonably placing the plaintiff in a false light before the public. Lovings v. Thomas, 805 N.E.2d 442, 446 (Ind. Ct. App. 2004). A matter is given publicity before the public if it's communicated to the public at large or to enough people that the matter is substantially certain to become public knowledge. Id. Dr. Turnbeaugh alleges that the Board's employees told others that she had bipolar disorder and did so in a context or manner suggesting that she wasn't properly managing her bipolar disorder. The fact of bipolar disorder alone doesn't put someone in a false light; the fact of bipolar disorder with the implication that the person can't control it could place someone in a false light. Dr. Turnbeaugh

alleges that the Board of Certified Safety Professionals placed the matter in a false light to individuals during the Board's investigation and to the Board of Directors. Even though that allegation doesn't make clear that the matter was made public or made to "enough people that the matter is substantially certain to become public knowledge," Lovings v. Thomas, 805 N.E.2d 446, it's plausible that the matter was made known to a substantial number of people, at least at this stage.

Dr. Turnbeaugh has stated a plausible false light claim against the Board, so the court denies the motion to dismiss as to the false light claim.

*Christy Uden, Christine McConnell, and Kelli Minjarez's Motion to Dismiss*

Christy Uden, Christine McConnell, and Kelli Minjarez move to dismiss Dr. Turnbeaugh's claim of false light for failure to state a claim on which relief could be granted. Fed. R. Civ. P. 12(b)(6).

Ms. Uden, Ms. McConnell, and Ms. Minjarez's arguments in favor of dismissing the false light claim echo the individual directors' argument in favor of dismissing Dr. Turnbeaugh's false light claim. The three employed defendants argue that the complaint doesn't specifically allege any comments or communications that invaded Dr. Turnbeaugh's privacy, nor which of the three employed defendants made any comments or communications that invaded her privacy. The named defendants then identify two sets of comments that might form a false light claim — Ms. Uden and Ms. McConnell's comments during the investigation into Dr. Turnbeaugh and social media post by unnamed employees.

They argue that even if these communications are the basis of the false light claim, the complaint still fails to state a claim because they're too vague and don't identify any false statements about Dr. Turnbeaugh. The employed defendants characterize the social media posts, for instance, as generic comments about good and bad leadership, not about specific facts related to Dr. Turnbeaugh.

Dr. Turnbeaugh responds to the employed defendants' arguments by making her factual allegations a bit more specific. She alleges that Ms. Uden and Ms. McConnell reported to the board members that Dr. Turnbeaugh had bipolar disorder and that she didn't have her bipolar disorder under control, such that it negatively affected her performance and behavior. She alleges her bipolar disorder was controlled by medication and by her doctor's care, so any statements suggesting Dr. Turnbeaugh didn't have her bipolar disorder under control placed her in a false light.

The employed defendants reply that even if the claim survives dismissal as to Ms. Uden and Ms. McConnell, the claim should be dismissed as against Ms. Minjarez because the complaint and Dr. Turnbeaugh's response don't allege that Ms. Minjarez made any statements that could arise to false light. They further argue that the claim should be dismissed as against all three defendants because no false or misleading statement was given publicity. "A communication to a small group of persons is not actionable" and instead, the communication must be made to the public at large or "so may persons that the matter is

26

substantially certain to become one of public knowledge." <u>Vargas v. Shepherd</u>, 903 N.E.2d 1026, 1031 (Ind. Ct. App. 2009).

As more fully explained as to the Board's motion to dismiss, Dr. Turnbeaugh stated a plausible claim against Ms. Uden and Ms. McConnell by suggesting that Dr. Turnbeaugh's bipolar disorder was out of control. Whether they told enough people to qualify as publicity is plausible from these allegations and better determined at a later stage of litigation.

Dr. Turnbeaugh's allegations against Mr. Minjarez are more like those against the directors. She alleges that they gave publicity to a matter that unreasonably placed it in a false light but does little more than recite the elements of the claim. While her response permissibly gives greater detail as to the allegations against Ms. Uden and Ms. McConnell, Dr. Turnbeaugh makes no specific allegations against Ms. Minjarez. In fact, he doesn't mention Ms. Minjarez at all in her response brief's discussion section. Dr. Turnbeaugh's allegations against Ms. Minjarez for false light amount to a threadbare recitation of the elements of a false light claim.

For these reasons, the court denies the motion to dismiss Dr. Turnbeaugh's claim of false light against Ms. Uden and Ms. McConnell and grants the motion to dismiss as to Ms. Minjarez.

CONCLUSION

For the foregoing reasons, the court:

(1) GRANTS in part and DENIES in part the individual board members' motion to dismiss [Doc. 51]; the court DENIES the motion to dismiss for lack of personal jurisdiction and GRANTS motion to dismiss for failure to state a claim upon which relief can be granted; DISMISSES Dr. Turnbeaugh's claims for breach of fiduciary duty (Count IV) and false light (Count VII) as against the individual board member defendants; and DISMISSES as defendants Teresa A. Cole, Joaquin M. Diaz, V. Raymond Ferrara, Ashok Garlapati, Jay R. Harf, Bruce K. Lyon, Daniel T. Lyons, Regina McMichael, Michael H. Overholt, C. Christopher Patton, Donald A. Robinson, Leslie D. Stockel, and Mario A. Varela;

(2) DENIES the Board of Certified Safety Professionals's motion to dismiss for failure to state a claim upon which relief can be granted [Doc. 19];

(3) GRANTS in part and DENIES in part the employed defendants' motion to dismiss for failure to state a claim upon which relief can be granted [Doc. 21]; the court DENIES the motion as to Christy Uden and Christine McConnell and GRANTS the motion as to Kelli Minjarez.

SO ORDERED.

ENTERED:   February 21, 2023


_____/s/ Robert L. Miller, Jr.
Judge, United States District Court

Distribution to all counsel of record via CM/ECF.

28